UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FRANK SCOTT MORAN, ET AL.     CIVIL ACTION NO. 06-2269

versus     JUDGE HICKS

GULF SOUTH PIPELINE CO., L.P.     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Frank Moran and Moran Oil Company, Inc. filed suit in state court against Gulf South Pipeline Company, L.P. based on a dispute regarding a pipeline right of way across property owned by the Morans. Gulf South removed the case based on an assertion of diversity jurisdiction. The court, pursuant to its independent duty to ascertain that it has subject matter jurisdiction, has reviewed the notice of removal and state court petition. The documents, on their face, appear to indicate a sufficient amount in controversy, but Gulf South has not adequately pleaded the citizenship of the parties.

Gulf South describes itself as a foreign partnership organized under Delaware law with its principal place of business in Texas. It alleges that its corporate parent is Lowes Corporation, but it does not provide any incorporation or principal place of business information for Lowes.

A partnership, general or limited, is a citizen of each state in which any partner, general or limited, holds citizenship. Carden v. Arkoma Associates, 110 S.Ct 1015 (1990). Neither the partnership's state of organization nor principal place of business is relevant. Each partner, general or limited, must be identified and that partner's citizenship must be

alleged specifically and in accordance with the rules for individuals, corporations, partnerships or other entity as the case may be. If partners are themselves partnerships or other associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002); Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346 (7th Cir. 2006) (court "needs to know each member's citizenship, and if necessary each member's members' citizenships").

Moran Oil Company, Inc. is alleged to be "a corporation authorized to do and doing business in the Parish of Desoto, State of Louisiana." Mere authorization to do business or actually doing business in a state is not indicative of citizenship for diversity purposes. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).

Gulf South will be permitted until **January 19, 2007** to file an Amended Notice of Removal and attempt to allege the citizenship of the parties in a manner that is adequate to satisfy its burden of establishing diversity jurisdiction. The court will review the pleadings again after that date to determine whether jurisdiction is present.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 4th day of December, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE