UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FRANK SCOTT MORAN, ET AL.           CIVIL ACTION NO. 06-2269

versus                              JUDGE HICKS

GULF SOUTH PIPELINE CO., L.P.       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Gulf South Pipeline Company, L.P. ("Gulf South") removed this case based on an assertion of diversity jurisdiction. The court ordered Gulf South to file an amended notice of removal to plead with specificity the citizenship of the parties under the applicable rules for corporations, partnerships and other entities. See Doc. 6.

Gulf South responded to the order by filing a Supplemental Notice of Removal (Doc. 10). It alleges that Plaintiff Frank Moran is a citizen of Louisiana and that Plaintiff Moran Oil Company, Inc. is incorporated in and has its principal place of business in Louisiana. Gulf South, a limited partnership, begins the description of its citizenship by stating that it has two "parent" partners, an L.L.C. and another limited partnership. The "parent" description is used in subsequent layers of ownership, but the term is not defined and implies that there are other partners or members that have not been disclosed.

One of the parent partners in Gulf South is Boardwalk Pipelines, L.P. That limited partnership is said to have two parent partners, one of which is a Boardwalk Pipeline Partners, L.P. The Supplemental Notice of Removal states in footnote 7 and the attached affidavit from general counsel for Gulf South that Boardwalk Pipeline Partners, L.P. sold

15,000,000 common units pursuant to an initial public offering in 2005. There are now more than 100,000,000 outstanding public units, of which 21,000,000 are publicly traded and the others are owned by Loew's Corporation. Gulf South does not address what effect these publicly traded interests have on citizenship and diversity jurisdiction.

Tracing the layers of citizenship is often complex in multi-tiered entities such as Gulf South, but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities. The courts have also declined to accept a different rule for limited partnerships which have thousands of limited partners who acquired their interest through public trading. See Watkins v. Terminix International Company, L.P., 976 F.Supp. 1397 (D. Kan. 1997) (lower level partnership had a number of limited partners who were public investors who acquired shares through the New York Stock Exchange and whose identity changed every day; case remanded for lack of diversity); Magnolia Management Corp. v. Quest Rescue Partners-8, L.P., 792 F.Supp. 45 (S. D. Miss. 1992) (two-tiered limited partnership that included a partner that was a limited partnership whose more than 3,000 limited partners acquired their interest on the American Stock Exchange shared citizenship of every one of those investors); Cerberus Partners, L.P. v. Gadsby & Hannah, 976 F.Supp. 119 (D. R.I. 1997) (citizenship of non-diverse members of a third-tiered entity had to be considered despite their minuscule ownership interest). Similar decisions are cited within those decisions, and the undersigned has followed their rationale in Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006).

Gulf South has not cited any authority that supports a different approach in this case. To ensure the presence of diversity jurisdiction and avoid remand, Gulf South must file another **Amended Notice of Removal** by **February 12, 2007** that identifies all relevant partners or members of the relevant entities and specifically alleges the citizenship of each. There are two points in time where citizenship is critical and must be described. "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996); Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction 3d § 3723 at n. 15. When publicly traded interests are at issue, there could easily be many changes in citizenship between those two times.

If Gulf South is unable or unwilling to file such an amended notice of removal, it may file a memorandum, by the same **February 12, 2007** deadline, presenting any argument as to why a remand would not be required based on an inability to establish diversity of citizenship. If Gulf South concedes that it can not satisfy its burden of establishing diversity, it should notify the court in writing by that same date.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 25th day of January, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE